Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of ETHEL VANDREY, Respondent, for Compensation under the Workmen's Compensation Law for the Death of ALBERT VANDREY (REEDER), v. THOMAS TRACY, Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.— Decision reversed, award vacated, and claim dismissed, on the authority of *Matter of Doey* v. *Howland Co.* (224 N Y. 30). All concurred.

Before STATE INDUSTRIAL COMMISSION, Respondent In the Matter of the Claim of THOMAS SANDERS, Respondent, for Compensation under the Workmen's Compensation Law, v. NATIONAL BISCUIT COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.— Award affirmed. All concurred, except Woodward and H. T. Kellogg, JJ., dissenting.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of FELIX PALMER, Respondent, for Compensation under the Workmen's Compensation Law, v. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Employer and Self-Insurer, Appellant.— Award unanimously affirmed.

RIBSTEIN-HOLTER COMPANY, Appellant, v. THE STATE OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs.

CHARLOTTE A. BINGHAM, Appellant, v. THE STATE OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs.

ARTHUR E. CONNER, as Trustee of the Estate of WALTON HOME TELEPHONE COMPANY, Bankrupt, Respondent, v. JOHN R. BRYCE and Others, Appellants.— Order unanimously affirmed, with ten dollars costs and disbursements.

EDWIN A. DOTY, Appellant, v. THE STATE OF NEW YORK, Respondent.— Judgment of the Court of Claims unanimously affirmed, with costs.

JESSE ELLITHORPE, Respondent, v. OSCAR J. NICHOLS, Appellant.— Judgment and order unanimously affirmed, with costs.

MARY C. FLEMING, as Administratrix, etc., Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred, except Cochrane, J., dissenting on the ground that the court erroneously charged the jury, as matter of law, that if there was not a passage through the train, on Broadway, the deceased was not a trespasser in going on the right of way.

RALPH GOOD, Respondent, v. ADOLPHUS CUSSON, Appellant.— Judgment and order unanimously affirmed, with costs.